IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
IN RE: EMPLOYMENT           )
DISCRIMINATION LITIGATION   )
AGAINST THE STATE OF        )
ALABAMA, et al.:            )
                            )
EUGENE CRUM, JR., et al.,   )
                            )
    Plaintiffs,             )
                            )
    v.                      )  CIVIL ACTION NO.
                            )  2:94cv356-MHT
STATE OF ALABAMA, et al.,   )     (WO)
                            )
    Defendants.             )
```

OPINION AND ORDER

Previously, this court entered an order denying the defendants' motion to disqualify plaintiffs' counsel. This cause is now before the court on the defendants' motion to alter or amend the court's prior order. For the reasons set forth below, the court denies the motion to alter or amend.

## I.   STANDARD FOR RECONSIDERATION

The district court, in its discretion, can modify or vacate non-final orders at any point before final judgment. Fed. R. Civ. P. 54(b); Bon Air Hotel, Inc. v. Time, Inc., 426 F.2d 858, 862 (5th Cir. 1970);[1] Richards v. United States, 67 F. Supp. 2d 1321, 1322 (M.D. Ala. 1999).  Courts have recognized three grounds justifying reconsideration of an order:  (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.  Wendy's Int'l, Inc. v. Nu-Cape Const., Inc., 169 F.R.D. 680, 684-685 (M.D. Fla. 1996).  Motions for reconsideration may not be used, however, to present new legal theories or to raise legal arguments that could have been raised previously. Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc., 762 F.2d 557, 561 (7th Cir. 1985); U.S. Fidelity & Guar. Co. v.

---

1.  In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

John Buck Co., 2001 WL 1298708 at *1 (N.D. Ill. Oct. 24, 2001).

## II.   BACKGROUND

This case, as described in several previous court orders, is a wide-ranging potential class-action suit brought by African-Americans against the State of Alabama and many of its officials and sub-divisions, alleging race discrimination in a large number of contexts related to state employment.  In their original motion to disqualify, the state defendants claimed that plaintiffs' counsel Robert L. Wiggins, Jr., violated Rules 4.2, 1.6 through 1.9, and 1.16 of the Alabama Rules of Professional Conduct and the American Bar Association Model Rules of Professional Conduct, when he made ex parte contact with two employees of the State of Alabama, Martin Guttman and Suzanne Clement, and when he represented both Clement and Crum plaintiffs despite an alleged conflict of interest.  The defendants also claimed that should Wiggins be disqualified, his law

firm, Gordon, Silberman, Wiggins & Childs (GSWC) should also be disqualified under Rule 1.10.

Wiggins's contact with Clement arose when she contacted GSWC, seeking representation on her claim that the Tuscaloosa County Human Resources Department retaliated against her for opposing discrimination against black employees. In November 1995, Mike Quinn, an attorney with GSWC, filed a federal lawsuit in the Northern District of Alabama, <u>Clement v. State of Alabama</u>, civil action no. 95-C-2803-W (N.D. Ala.), charging that the State of Alabama and others had violated Title VII, § 1981, and other civil rights statutes. In <u>Clement</u>, the defendants, including the State of Alabama, moved to disqualify GSWC on the same grounds asserted in <u>Crum</u>. After receiving evidence, the district judge in <u>Clement</u> found not only that the motion was without merit but also that the State had violated Rule 11 of the Federal Rules of Civil Procedure, and he imposed Rule 11 sanctions. Clement won her case on the merits, and defendants appealed.

4

Rule 4.2 precludes a party from conducting **ex parte** interviews with managerial employees of an adverse party.[2] This court's order denying disqualification (Doc. no. 471) discussed two exceptions to Rule 4.2. The first exception states that "[c]ommunications authorized by law include the right of a party to a controversy with a government agency to speak with government officials about the matter." Comment to Rule 4.2  The second exception states that Rule 4.2 does not prohibit communication with an employee or agent of a party concerning matters outside the representation. Comment to Rule 4.2  The court found that the second exception applied to Wiggins's **ex parte** contact with both Gutmann and Clement. Because it found that the second exception applied, the court did not reach the issue

---

2. The comments to Rule 4.2 indicate that the rule prohibits an attorney from communicating with the employee of an adverse party if: (1) the employee exercises managerial responsibility on behalf of the organizational employer; (2) the employee's act or omission may impute civil or criminal liability to the employer; or (3) the employee's statement would constitute an admission by the employer.

5

of the first exception's application to either Gutmann or Clement.

With respect to Clement, the court found that the communications between Wiggins and Clement were factually related to, but legally "outside," the scope of the State's representation of Clement in <u>Crum</u>.  The court found that Clement, as a supervisory employee, fell within the scope of Rule 4.2, and that she had sought legal advice on a matter substantially related to the <u>Crum</u> plaintiffs' allegations; however, since Clement had taken a position contrary to and in conflict with the defendants' interests, the court also found that Clement's interests in the <u>Crum</u> litigation could not be represented by the defendants' counsel.  Because the State did not, in fact, represent Clement's interests in <u>Crum</u>, Wiggins's contact with Clement necessarily fell "outside the [State's] representation" of Clement and the second exception under Rule 4.2 applied.  Comment to Rule 4.2.

6

The court's order also held that Wiggins's contacts with Gutmann and Clement did not represent a conflict of interests in violation of the Alabama Rules of Professional Responsibility.  Regarding Wiggins's representation of Clement, the defendants argued that a conflict existed between the interests of Clement and Wilson Morgan, a <u>Crum</u> plaintiff and employee of Tuscaloosa County Department of Human Resources.  Because Clement was one of Morgan's supervisors who allegedly discriminated against him, the defendants argued that Clement and Morgan's interests were adverse to one another and that Wiggins could not ethically represent both Clement, in her individual suit, and Morgan, in <u>Crum</u>.  This court was "not convinced that the interests of the <u>Crum</u> plaintiffs and Clement are as diametrically opposed as defendants have argued," however, and implicitly found that neither Clement nor the <u>Crum</u> plaintiffs were adversely affected by Wiggins's representation of Clement. Order on Motion to Disqualify (Doc. no. 471) at 41.

7

III.  DISCUSSION

The defendants urge the court to alter or amend its order for several reasons, all of which focus upon the court's ruling that Wiggins's contact with Clement neither violated the prohibition on <u>ex</u> <u>parte</u> contacts nor constituted a conflict of interest.

### A. The court's reliance on <u>Clement v. State of Alabama</u>, civil action no. 95-C-2803-W (N.D. Ala.)

First, the defendants argue that the court erroneously relied on proceedings in the related case of <u>Clement v. State of Alabama</u>, civil action no. 95-C-2803-W (N.D. Ala.) because the decision was under appeal at the time the defendants' motion was filed.  The defendants argued in their motion that "it is too soon to put any reliance on the Northern District's disposition."  Since the defendants have filed their motion to alter or amend, however, the Eleventh Circuit has issued an opinion affirming both the district court and its earlier panel decision to uphold the

8

imposition of sanctions.  Clement v. State of Alabama, No. 01-12088 (11th Cir. Mar. 26, 2002) (unpublished opinion). Thus, there is no reason for the court to revisit its earlier conclusion that the Clement proceedings are strongly persuasive in this matter.

      B.  The first exception to Rule 4.2

Second, the defendants argue that the court should reconsider its conclusion that the first exception applied to the challenged contact and that Wiggins's contact with Clement did not violate Rule 4.2.  Contrary to the defendants' claim, however, the court never considered the application of this exception to the challenged contact, and, instead, based its holding on the second exception to Rule 4.2.  Therefore, there is no reason to alter the ruling on this basis.

9

C.  Factual error

The defendants challenge the court's finding that, "before [Michael] Quinn filed the <u>Clement</u> complaint, Wiggins had never heard of Clement."  Order (Doc. no. 471), p. 6.  The plaintiffs have now apparently conceded that Wiggins in fact had a brief initial meeting with Clement when she called GSWC to discuss her retaliation claim against the Tuscaloosa County Department of Human Resources.  To that extent, therefore, the court's factual finding is inaccurate.  However, because the court's holding did not rely on that fact to reach its result, however, there is no need to reverse the denial of disqualification on that basis.

D.  The second exception to Rule 4.2

1. The basis of the court's decision

The defendants also challenge the court's application of the second exception to Rule 4.2, which allows "communication with ... an employee or agent of a party,

concerning matters outside the representation." Comment to Rule 4.2. The defendants inaccurately characterize the court's decision as holding that Rule 4.2 did not apply because Clement was seeking advice for some "wholly unrelated employment problem" of her own (nor does the court's statement earlier in the order suggest otherwise; the defendants have taken it out of context).³ This was not the basis of the court's decision, however; rather, the court found that, while Clement "sought legal advice on a matter <u>substantially related</u> to the <u>Crum</u> plaintiffs' allegations against the Department of Human Resources," she "has taken a position contrary to her employer's in this litigation." Order (Doc. no. 471) at 26 (emphasis added).

---

    3. "A rule that prohibits an attorney from conducting a screening interview could result in the loss of prospective clients merely because of their status as managerial employees of an adverse party, even though the individuals' legal needs have no relationship to the matter in which the employer is an adverse party." Order (Doc. no. 471) at 23. This statement and its context do not imply that Clement's legal needs had "no relationship" to the <u>Crum</u> matter, especially in light of the court's explicit finding to the contrary on page 26. Rather, the court was expressing concern about the scope of such a broad rule as the defendants' position would require.

11

The record established that Clement filed her internal E.E.O. complaint of retaliation, and had taken a position adverse to the defendants, well before she contacted Wiggins or anyone at GSWC.  Therefore, the court found that, because Clement's interests were adverse to her employer's, she could not have been represented by her employer.  GSWC's contact with Clement was thus factually related to, but legally "outside," the scope of the State's representation of her in Crum.  Accordingly, the court held that GSWC's contact with Clement was consistent with the ethical guidelines.  The defendants' challenge to the court's decision is based on an inaccurate characterization of the court's reasoning and does not warrant an alteration or amendment of the court's prior decision.

      2.   The distinction between former and
           current employees for Rule 4.2 purposes

When finding that Clement was not represented by the State in Crum, the court relied on two cases, Browning v. A.T. & T. Paradyne, 838 F. Supp. 1564, 1567 (M.D. Fla.

12

1993), and In re Prudential Ins. Co., 911 F. Supp. 148, 154 (M.D. Pa. 1995). Both cases held that, where former employees became adverse to their employers, the rule governing ex parte contacts do not apply. The defendants argue that the court's analysis is undermined by its failure to recognize that Clement was not a former employee when she spoke to Wiggins, but rather a current employee of the State. The defendants assert that this distinction is relevant to the court's Rule 4.2 analysis because the rationale behind Browning and Prudential was that former employees "cannot by statement, act or omission bind the organization with respect to the particular matter." ABA Comm. on Ethics and Professional Responsibility, Formal Op. 95-396 (1995). The defendants do not provide reasoning to support this assertion in light of the fact that Clement was opposed to her employer, and, therefore, could not make admissions against interest or otherwise bind the State. Once Clement positioned herself in opposition to the State, she no longer had the ability to bind her employer or make

13

admissions against interest that could be imputed to the defendants. Therefore, the reasoning in these cases was, and is, persuasive on this point, and relief is not warranted on these grounds.

### E. Conflict of interests claim

In their motion, the defendants also challenge the court's decision that Wiggins's representation of both Clement and Morgan did not violate the rules against conflict of interests. They again argue that Clement's interests are adverse to Morgan's because Clement testified that she opposed Morgan's promotion on race-neutral grounds, while Morgan can only succeed on his own claim by showing that he was a victim of race discrimination by Clement. However, as the court held earlier and now reaffirms, the evidence does not establish that Clement and Morgan's interests were in conflict. Clement brought her own suit against the State, claiming that the State retaliated against her for opposing racial discrimination against

Morgan and another employee, Dorothy Carson. Clement testified in her retaliation case that her opposition to Morgan's promotion was based upon false information that she received from her superiors, including Gutmann, that made her believe Morgan was unqualified and a poor employee.

At the very least, Clement's position complicates the State's assertion that Clement's interests cannot be aligned with Morgan's. That Clement was not personally motivated by a desire to discriminate, and opposed Morgan's promotion for race-neutral reasons, is clearly consistent with the possibility that she was being used as an instrument for others' discrimination and that Morgan was the victim of discrimination.

The struggle between these parties to define Clement's interests as either adverse to or aligned with those of the <u>Crum</u> plaintiffs raises a larger question about whether such stark lines can realistically be drawn in a case like this. <u>Crum</u> is a complex potential-class-action litigation, in which employees are both possible representatives of their

15

employer and also possible class members (or aligned in interest with the class).  A straightforward application of Rule 4.2, purely based on an employee's status or title, is therefore difficult, if not inappropriate.  The defendants' alternative argument--that Clement is not truly adverse to the State in <u>Crum</u> because her opposition to discrimination helps, not hurts, the State's defense of Morgan's claims--is a good example of the way that fact witnesses often have co-existing and yet conflicting "interests."  Such shifting loyalties can frustrate counsel on both sides and complicate any attempt to apply ethical strictures to their legal representation.  Nevertheless, none of the defendants' arguments rise to the level of an intervening change in controlling law, availability of new evidence, or the need to correct clear error or manifest injustice.  The court therefore declines to reverse its earlier determination that GSWC should not be disqualified from this case.

...

For the reasons stated above, it is ORDERED that the defendants' motion to alter or amend (Doc. No. 484) is denied.

DONE, this the 2nd day of October, 2006.

                                               /s/ Myron H. Thompson  
                                            **UNITED STATES DISTRICT JUDGE**