IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| IN RE: EMPLOYMENT         )<br>DISCRIMINATION LITIGATION )<br>AGAINST THE STATE OF      )<br>ALABAMA, et al.,          )<br>                           )<br>EUGENE CRUM, JR., et al.,  )<br>                           )<br>     Plaintiffs,          )<br>                           )<br>     v.                   )<br>                           )<br>STATE OF ALABAMA, et al.,  )<br>                           )<br>     Defendants.          )  | CIVIL ACTION NO.<br>2:94cv356-MHT<br>(WO) |

OPINION

This matter is before the court on a motion to dismiss a number of plaintiffs who have died during the pendency of the case.  Federal Rule of Civil Procedure 25(a) provides that, when a party dies and his claim is not extinguished, the court may order substitution of a new party.  However, "[i]f the motion [to substitute] is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."  Fed. R. Civ. P. 25(a).

Suggestions of death have been filed for plaintiffs Herman Alexander Powell (doc. no. 871), Betty C. Crum (doc. no. 886), Louis Gilchrist (doc. no. 888), Romanza A. Hamilton (doc. no. 873), Nonie Williams (doc. no. 845), Ellen Tolbert (doc. no. 846), and Gladys D. Jones (doc. no. 907).  The court entered an order to show cause why the motion should not be granted (doc. no. 941), and received no response. Because more than 90 days have passed since the filing of each suggestion of death, the motion to dismiss is due to be granted.

An appropriate judgment will be entered.

DONE, this the 21st day of April, 2016.

                                           /s/ Myron H. Thompson
                                           **UNITED STATES DISTRICT JUDGE**