IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| IN RE: EMPLOYMENT ) | |
| DISCRIMINATION LITIGATION ) | |
| AGAINST THE STATE OF ) | |
| ALABAMA, et al., ) | |
| ) | |
| EUGENE CRUM, JR., et al., ) | |
| ) | |
|    Plaintiffs, ) | |
| ) | CIVIL ACTION NO. |
|    v. ) | 2:94cv356-MHT |
| ) | (WO) |
| STATE OF ALABAMA, et al., ) | |
| ) | |
|    Defendants. ) | |

OPINION

This long-running employment-discrimination case against the State of Alabama and various State agencies is before the court on the defendants' motion for summary judgment on the claims of plaintiffs Katherine Mathews and Wanda Jackson Speights[1] on the basis of

---

1. In the motion, defendants refer to Wanda Jackson Speights as "Wanda Jackson Speights Smith." However, in a later motion (doc. no. 947), defendants refer to her without the last name "Smith." For simplicity, the court will refer to her as "Wanda Jackson Speights" or simply "Speights."

judicial estoppel.[2]  Also before the court is a renewed motion for summary judgment, or in the alternative, motion to dismiss for want of prosecution against plaintiff Katherine Mathews.  Jurisdiction is proper under 28 U.S.C. § 1331.  For the reasons below, summary judgment will be granted as to Speights's claims, and the court will dismiss Mathews's claims for failure to prosecute.

## I.  LEGAL STANDARDS

### A. Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.  The court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party.  Matsushita Elec. Indus. Co. v.

---

2. Defendants also move for summary judgment against plaintiff Deborah Lumpkin.  Her claims have been dismissed with prejudice, so the motion will be denied as moot as to her alone.

Zenith Radio Corp., 475 U.S. 574, 587 (1986).

B. Failure to Prosecute

Courts have authority to dismiss for want of prosecution under Federal Rule of Civil Procedure 41(b). "If the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "The court's power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983) (citations omitted). "The legal standard to be applied under Rule 41(b) is whether there is a 'clear record of delay or willful contempt *and* a finding that lesser sanctions would not suffice.'" Id. at 1459 (citation omitted); see also Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1375 (11th Cir. 1999). "[B]ecause dismissal is considered a drastic sanction, a district court may only implement

3

it, as a last resort[.]"  World Thrust Films v. International Family Entertainment, 41 F.3d 1454, 1456 (11th Cir. 1995).

## II. BACKGROUND

This case began on March 9, 1993, when Ellen Tolbert and Geneice Smith filed suit in this court against the Alabama Department of Corrections ("ADOC") alleging that ADOC had engaged in gender discrimination against them.  Tolbert v. State of Alabama, 93cv287. On November 8, 1993, 23 individuals, including plaintiffs Mathews and Speights, filed a motion to intervene in the case.  On December 28, 1993, the motion was granted, and a complaint was filed naming Mathews and Speights.  In 1994, this court consolidated the Tolbert cases with a number of other cases where the plaintiffs were making employment-discrimination claims against a number of state agencies, and Eugene Crum was made the lead named plaintiff.

4

Plaintiff Speights has a law degree and practiced law with Birmingham Area Legal Services before going to work the State of Alabama. She worked for the State both as a Legal Research Aide in the Department of Revenue's legal department and as a Federal Grant Analyst/Planning and Economic Development Specialist for the Alabama Department of Economic and Community Affairs.

In the spring of 1993, Speights met with the plaintiffs' attorneys in this case regarding the alleged employment discrimination by the State that is the basis of her claims in this case. On October 22, 1993, she filed a voluntary petition for Chapter 7 bankruptcy but did not notify the bankruptcy court in her filings of her potential discrimination claim in this case. She did not update her bankruptcy filings after plaintiffs' attorneys filed the motion to intervene or when the complaint was filed naming her as a plaintiff in this case. Speights was discharged from bankruptcy in February 1994.

Plaintiff Mathews began working for the Alabama Department of Economic and Community Affairs as a computer programmer in 1986. Unlike Speights, she has no background in the law; she studied business administration and has an associate's degree in computer technology. In April of 2013, Mathews filed a voluntary petition for Chapter 7 bankruptcy. Mathews did not inform the bankruptcy court of her claim in this case, and she received a no-asset discharge from bankruptcy in August 2013.

Defendants filed their motion for summary judgment against Speights and Mathews on November 25, 2013. On December 20, 2013, plaintiffs' counsel moved to withdraw from the representation of Speights and Mathews, and the court granted the motion later that month. The court then entered a submission order giving Speights and Mathews an additional two weeks to respond to the motion. As they were unrepresented, the court explained in detail how the plaintiffs should respond. Speights and Mathews did not respond. More

6

recently, defendants filed a renewed motion for summary judgment against Speights, and a renewed motion for summary judgment or alternatively, a motion to dismiss for want of prosecution, against Mathews. Plaintiffs have not responded.

## III. DISCUSSION

Defendants argue that Speights and Mathews are judicially estopped from pursuing their claims in this case because they failed to disclose the claims in their respective bankruptcy filings. Judicial estoppel is an equitable doctrine, invoked at the court's discretion, under which a party is precluded from asserting a claim in a legal proceeding inconsistent with a claim made in a precious proceeding. Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1285 (11th Cir. 2002). The doctrine exists "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." Id. (quoting New Hampshire

v. Maine, 532 U.S. 742, 750 (2001)).  Nevertheless, the doctrine "ought to be applied with caution 'because the harsh results attendant with precluding a party from asserting a position that would normally be available to the party.'"  Sumner v. Michelin N. Am., 966 F. Supp. 1567, 1578 (M. D. Ala.) (Thompson, J.) (quoting Lowery v. Stovall, 92 F.3d 219, 224 (4th Cir. 1996)).

While "the circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle," New Hampshire, 532 U.S. at 750, the Eleventh Circuit Court of Appeals considers two primary factors in applying the doctrine to a particular case.  "First, it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding.  Second, such inconsistencies must be shown to have been calculated to make mockery of the judicial system."  Burnes, 291 F.3d at 1285 (quoting Salomon Smith Barney, Inc. v. Harvey, 260 F.3d 1302, 1308 (11th Cir. 2001)).  Therefore, judicial estoppel may be applied only in

8

situations involving intentional manipulation of the courts, not when the litigant's contradictory positions are the "product of inadvertence or mistake." Burnes, 291 F.3d at 1287 (quoting Matter of Cassidy, 892 F.2d 637, 642 (7th Cir. 1990)).  Judicial estoppel "looks toward cold manipulation." Johnson Service Co. v. Transamerica Ins. Co., 485 F.2d 164, 175 (5th Cir. 1973).[3]  The "deliberate and intentional manipulation" of the courts required before judicial estoppel may properly be invoked can be inferred from the record. Burnes, 291 F.3d at 1287.

"A debtor seeking shelter under the bankruptcy laws must disclose all assets, or potential assets, to the bankruptcy court. 11 U.S.C. § 521(1), and 541(a)(7)." Burnes at 1286. Potential assets may include "contingent, dependent or conditional" claims, and a debtor must disclose them if she has "enough

---

    3. See Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981, en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

information prior to confirmation to suggest that [she] may have a possible cause of action." Youngblood Group v. Lufkin Fed. Sav. and Loan Ass'n, 932 F. Supp. 859, 867 (E. D. Tex. 1996) (Heartfield, J.) (internal citations omitted). Such claims include "litigation which has the potential of arising in a non-bankruptcy context." Id. at 868.

The duty to disclose is a continuing one that does not end once the bankruptcy is filed; rather, a debtor must amend his or her financial statements as circumstances change. Burnes at 1286. "Full and honest disclosure in a bankruptcy case is 'crucial to the effective functioning of the federal bankruptcy system.'" Id. (quoting Ryan Operations G.P. v. Santiam-Midwest Lumber Co., 81 F.3d 355, 362 (3d Cir. 1996)).

"When considering a party's intent for the purpose of judicial estoppel, [courts] require 'intentional contradictions, not simple error or inadvertence.'" Robinson v. Tyson Foods, Inc., 595 F.3d 1269, 1275

10

(11th Cir. 2010) (quoting <u>Am. Nat'l Bank of Jacksonville v. FDIC</u>, 710 F.2d 1528, 1536 (11th Cir. 1983)). "In considering judicial estoppel for bankruptcy cases, the debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment."  <u>Id</u>. (quoting <u>Barger v. City of Cartersville</u>, 348 F.3d 1289, 1295-96 (11th Cir. 2003)). "While an estopped party's contradiction must be intentional, such intent may be inferred from the record."  <u>Id</u>. (citing <u>Burnes</u>, 291 F.3d at 1285).

## A. Speights

As this case is before the court on summary judgment, the court must determine whether the defendants have shown that the materials facts are undisputed and that they are entitled to judgment as a matter of law.  Here, the plaintiff has not responded, so the facts are undisputed.  To show entitlement to

judgment as a matter of law, the defendants must show that Speights made an inconsistent claim under oath and second that the inconsistency was calculated to make a mockery of the judicial system.

As discussed above, the evidence in the record shows that Speights initially met with attorneys regarding her discrimination claim in this case in the spring of 1993. She filed her bankruptcy petition on October 22nd of the same year. Less than a month later, plaintiffs' counsel filed a motion to intervene in <u>Tolbert</u> on her behalf. In late December, the motion to intervene was granted, and a complaint was filed in her name. She was discharged from bankruptcy in February of the following year.

The record before the court is sufficient to find that Speights made inconsistent statements under oath. When she filed her bankruptcy petition, she affirmed that the information contained in it was true and that she would amend her petition should any of the information in the petition need to be updated.

Speights failed to list her discrimination claim on the Schedule B form filed with her bankruptcy petition under oath; in that form, she was required to list her personal property, including all "contingent and unliquidated claims of every nature." Given that she had met with lawyer about her discrimination claim months before filing the bankruptcy petition and that a motion to intervene would be filed based on her claim weeks later, she clearly was aware of her potential discrimination claim when she filed her bankruptcy petition, and was required to list it. She also filed a Statement of Financial Affairs ("SOFA") with her bankruptcy petition, which required her to list "all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case." Although she was not a party to this case within one year of filing the petition, she did not file an updated SOFA after the motion to intervene and complaint were filed.

The court further finds that her inconsistent statement was calculated to make a mockery of justice. As Speights had a law degree and had practiced law, she could not reasonably claim that she did not understand her duty to disclose her potential discrimination claim. Further, Speights filed her motion to intervene in this case just 17 days after filing her bankruptcy petition, but she did not update her petition when the motion was filed or when it was granted and a complaint filed in her name the following month. The close temporal proximity between the bankruptcy filing and the filing of the motion to intervene is additional evidence that she was well aware of her potential discrimination claim while seeking bankruptcy protection but chose not to disclose it. She also had a motive to conceal her claim, as she was seeking damages in this case which potentially could have been assigned to pay off her debts. Because she intentionally failed to disclose her discrimination claim to the bankruptcy court, Speights must be

judicial estopped from pursuing it. Therefore, the motion for summary judgment will be granted as to Speights.

## B. Mathews

Mathews is not as clear a case for judicial estoppel. She clearly took inconsistent positions under oath by failing to list this lawsuit in her bankruptcy filings. However, it is less clear that, in doing so, she intended to make a mockery of justice. She filed her bankruptcy petition on April 12, 2013, almost 20 years after she had become a party to this lawsuit. She gave the bankruptcy court notice of two different lawsuits, and filed an amended SOFA adding two more suits, but did not give notice of this one. Given the length of time since this case was filed, it is highly possible that she omitted her claim in this case unintentionally.

In any case, the court need not resolve that issue, because the court finds that Mathews's claim should be

15

dismissed for failure to prosecute. See Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) ("In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation.") Plaintiff's counsel moved to withdraw from representing Mathews in late 2013, after the motion for summary judgment on the basis of judicial estoppel was filed. In the motion, counsel explained that Mathews had not responded to his efforts earlier that year to set up an appointment and that she had not responded to telephone messages left on her cell and home numbers since then. Counsel also stated that he had sent her a copy of the summary-judgment motion in the mail to her last known address with a request for information about how counsel should respond, but did not hear back. After granting the motion to withdraw, the court ordered Mathews to respond to the defendants' motion for summary judgment, explaining in detail how to do so.

In the order, the court explained: "Failure to follow the requirements of Rule 56 regarding the proper way to oppose a motion for summary judgment may result in the court granting the motion and entering final judgment in favor of the moving party without there being a trial." Order (doc. no. 923). The order sent to her was not returned by the postal service. Mathews did not respond by the deadline, and has not responded or otherwise communicated with the court in the years since.

After the motion to dismiss for want of prosecution was filed in 2016, the court entered an order to show cause why the motion should not be granted. This was returned as undeliverable. Had Mathews wanted to receive notices about the case, she had the responsibility to notify the clerk of any address change; apparently, she did not care to do so.

17

The court concludes that Mathews has failed to prosecute and abandoned her claims in this case. Were she interested in this case, she would have responded to her attorneys or at least to the motion for summary judgment in 2013. As Mathews has shown no interest in prosecuting this case, and the court's most recent effort to contact her has failed, no lesser sanction than dismissal would suffice. Accordingly, Mathews's claims will be dismissed.[4]

An appropriate judgment will be entered.

DONE, this the 18th day of July, 2017.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

---

4. Although defendants did not move to dismiss plaintiff Speights's lawsuit for want of prosecution, this reason for dismissing Mathews's claims applies equally to plaintiff Speights. Therefore, in the alternative to granting summary judgment, the court dismisses Speights's claims for want of prosecution.